## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**DOUGLAS BLANCHARD, JR.,**                         **CIVIL ACTION**
     **Plaintiff**

**VERSUS**                                          **NO.  22-260**

**ADMINISTRATORS OF**                   **SECTION: "E" (2)**
**TULANE EDUCATIONAL FUND,**
     **Defendant**

### ORDER

Before the Court is a motion to strike filed by Defendant Tulane Educational Fund.[1] Plaintiff Douglas Blanchard, Jr. opposes the motion.[2] For the reasons that follow, Defendant's motion is **DENIED**. The Court will take appropriate action to protect confidential student information.

### BACKGROUND

This action stems from Plaintiff's allegations of discrimination and retaliation in his role as the Interim Assistant Dean of Undergraduate Education in Defendant's A.B. Freeman School of Business.[3] Plaintiff brings discrimination and retaliation claims under both Section 1981 and under Title VII of the Civil Rights Act.[4] The Court construed Plaintiff's amended complaint as bringing the following claims under both 42 U.S.C. § 1981, alleging discrimination based on his race, and under Title VII, alleging discrimination based on race and gender: (1) discrimination based on unequal compensation and benefits; (2) hostile work environment; (3) retaliatory discrimination on the basis of "retaliatory disciplinary actions;" and (4) retaliatory hostile work

---

[1] R. Doc. 90.
[2] R. Doc. 96.
[3] R. Doc. 16.
[4] *Id.* at p. 17-20.

environment.[5] On October 21, 2022, the Court granted Defendant's motion to dismiss Plaintiff's retaliatory hostile work environment claims, finding no such claim existed in the Fifth Circuit.[6] However, Plaintiff's other claims remain before the Court.

On June 9, 2023, Defendant filed a motion for summary judgment.[7] Plaintiff opposes the motion.[8] Subsequently, on June 28, 2023, Defendant filed a motion to strike two exhibits filed in support of Plaintiff's opposition to Defendant's motion for summary judgment—Exhibits P-15[9] and P-41,[10] both found within Record Document 88-11. Defendant also filed a motion to expedite hearing on its motion to strike.[11] The Court granted expedited hearing and ordered Plaintiff to file a response to Defendant's motion to strike by July 7, 2023.[12] Plaintiff timely filed an opposition to Defendant's motion to strike.[13]

## ANALYSIS

Defendant asks the Court to strike Exhibits P-15[14] and P-41[15] in whole or in part because the exhibits are "unredacted emails discussing highly personal student information that are in no way relevant to Plaintiff's claims in this case."[16] Defendant further contends the unredacted documents contain student information protected by the Family Educational Rights and Privacy Act ("FERPA").[17] Finally, Defendant asks that the

---

[5] R. Doc. 45 at p. 7.
[6] *Id.* at p. 25.
[7] R. Doc. 84.
[8] R. Doc. 88.
[9] R. Doc. 88-11 at pp. 8-9.
[10] *Id.* at pp. 45-49.
[11] R. Doc. 91.
[12] R. Doc. 95.
[13] R. Doc. 96.
[14] R. Doc. 88-11 at pp. 8-9.
[15] *Id.* at pp. 45-49.
[16] R. Doc. 90-1 at p. 1.
[17] *Id.* at p. 2. As federal district courts have recognized, however, "FERPA's nondisclosure provisions . . . speak only in terms of institutional policy and practice, not individual instances of disclosure." *R.M. v. Boyle Cnty. Schs.*, No. 5:06-152-JMH, 2006 WL 2844146, at *1 (E.D. Ky. Oct. 2, 2006).

Court award costs and fees associated with the drafting and filing of its motion to Defendant.[18] In opposition, Plaintiff submits the documents "must not be stricken from the record but substituted with the redacted versions" instead.[19] Moreover, Plaintiff argues the exhibits are relevant evidence of hostility and abuse by Tulane employee Michael Hogg against Plaintiff, as well as Plaintiff's attempts to address the alleged abuse.[20]

First, the Court finds it is not appropriate to strike Plaintiff's exhibits altogether. "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[21] "The decision to grant a motion to strike is within the court's discretion."[22] "Motions to strike a portion of a pleading are generally viewed with disfavor and are seldom granted, because these motions seek a 'drastic remedy' and are often 'sought by the movant simply as a dilatory tactic.'"[23] "Matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation. If there is any doubt as to whether under any contingency the matter may raise an issue, the motion should be denied."[24]

Because the Court cannot say the exhibits have no bearing upon the subject matter of the litigation, and because stricken documents are still accessible on the record (thereby not achieving the desired goal of protecting the sensitive student information), the Court will not strike Plaintiff's exhibits. Accordingly, the Court will next consider whether alternative methods are available to protect the sensitive student information.

---

[18] *Id.* at p. 8.
[19] R. Doc. 96 at p. 2.
[20] *Id.*
[21] Fed. R. Civ. P. 12(f).
[22] *Mercado v. Dallas Cnty.*, 229 F. Supp. 3d 501, 523 (N.D. Tex. 2017) (abrogated on other grounds).
[23] *Id.*
[24] *Id.*

The Court finds allowing Plaintiff to file redacted exhibits adequately protects the interests of all parties in this matter. "Courts have recognized that the public has a common law right to inspect and copy judicial records. But there are limits."[25] "To determine whether to disclose or seal a judicial record, the Court must balance the public's common law right of access against the interests favoring non-disclosure."[26] "A district court has the discretion to seal a record, but [the Fifth Circuit] think[s] that this discretion should be used with care and exercised only where the justifications for doing so appear considerably stronger than the public's right to be informed."[27] "If the district court determines that the [documents at issue] contain[] sensitive information favoring sealing, the district court should then consider whether redaction of the relevant information is an adequate substitute for sealing the entire [document]."[28]

Considering this Court's obligation to balance the public's common law right of access against the interests favoring non-disclosure, the Court finds that allowing Plaintiff to replace his exhibits with redacted versions will adequately strike this balance. Moreover, redaction balances Plaintiff's interest in supporting its opposition with evidence against the important interest in maintaining student privacy. Accordingly, Defendant's motion to strike is denied, and Plaintiff shall instead substitute the unredacted exhibits for the redacted versions of the same.

## CONCLUSION

**IT IS ORDERED** that Defendant's motion to strike is **DENIED**.

---

[25] *Fonda v. Retting*, No. 4:22-CV-00501, 2022 WL 3703181, at *1 (S.D. Tex. Feb. 28, 2022) (internal citations omitted).

[26] *Stag v. Stuart H. Smith, L.L.C.*, No. 18-3425, 2019 WL 8918552, at *1 (E.D. La. Oct. 10, 2019) (quoting *Liljeberg Enters. Int'l, LLC v. Vista Hosp. of Baton Rouge, Inc.*, No. Civ.A. 04-2780, 2005 WL 1309158, at *1 (E.D. La. May 19, 2005)).

[27] *Id.* (quoting *In re High Sulfur Content Gas. Prods. Liab. Litig.*, 517 F.3d 220, 230 (5th Cir. 2008)).

[28] *Test Masters Educ. Servs., Inc. v. Robin Singh Educ. Servs., Inc.*, No. 13-20250, 2015 WL 13768849, at *2 (5th Cir. Oct. 22, 2015) (discussing the sealing of a transcript).

**IT IS FURTHER ORDERED** that Defendant's request for attorney's fees is **DENIED**.

**IT IS FURTHER ORDERED** that Record Document 88-11 shall remain under seal permanently.

**IT IS FURTHER ORDERED** that the Clerk is directed to attach Exhibit A of this Order to Record Document 88.[29]

**New Orleans, Louisiana, this 13th day of July, 2023.**

_____

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[29] Exhibit A is identical to Record Document 88-11 except that it contains the redacted versions of Exhibits P-15 and P-41 as provided by Defendant.